**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JEFF WALLACE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO 08-248-KD-B** |
| | ) | |
| **KENTUCKY FRIED CHICKEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 15), the parties'

respective responses and replies thereto, and evidence offered in support thereof.  For the reasons

stated herein, the Court finds that Plaintiff's Motion to Remand is due to be **GRANTED** and this

case is due to be **REMANDED** to the Circuit Court of Clarke County, Alabama.

**I.    Background**

This case arises out of a slip and fall which occurred on or about April 8, 2006, at a Kentucky

Fried Chicken ("KFC") restaurant located at 12 Highway 43 North, Thomasville, Alabama, 36784.

(Doc. 14 at ¶ 4).  On April 7, 2008, Plaintiff initiated this action by filing a Complaint in the Circuit

Court of Clarke County, Alabama (CV-08-900040).  (Doc. 1 at Ex. A).  In the Complaint, Plaintiff

alleges that due to KFC's negligence and/or wantonness,[1] he was injured during a slip and fall

related to a defective bathroom hand rail at the KFC restaurant.  (Id.)  Plaintiff asserts that he

suffered injuries, was made lame and sore, incurred medical expenses, mental anguish and emotional

distress, and was otherwise permanently injured and damaged.  (Id.)  Plaintiff "prays for judgment

---

[1] Plaintiff also asserts a separate claim against fictitious Defendants "A," "B," and "C," stating
that they are liable for the same reasons.  (Doc. 1 at Ex. A).

for compensatory and punitive damages in such amount as a jury may award, plus costs[]" and "demands judgment against Fictitious Defendants 'A,' 'B,' and 'C' in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs." (Id.)

On May 2, 2008, Defendant served Requests for Admissions upon Plaintiff, seeking specific admissions regarding the amount in controversy. (Doc. 1 at Ex. B).

On May 9, 2008, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).[2] (Doc. 1). Defendant contends that Plaintiff seeks "unlimited damages" and that it is reasonable to conclude from his allegations of permanent injury/damage, anguish and emotional distress, that he seeks "substantial compensatory and punitive damages" in excess of $75,000. (Id. at 2-4). In support of this assertion, Defendant attached the following to its removal notice:

- A copy of Plaintiff's state court Complaint and Summons;

- A May 2, 2008 e-mail and May 8, 2008 e-mail to/from Plaintiff's counsel (attaching Defendant's Requests for Admission regarding the amount in controversy), upon which Defendant asserts that Plaintiff could not admit as of the date of the filing of removal that he was seeking less than $75,000. In the May 8, 2008 e-mail, from Plaintiff's counsel, Plaintiff acknowledges receipt of the requests for admission and states that "[w]hile it is our position that we are not seeking, nor were we seeking at the time of the filing of the complaint, more than the jurisdictional amount, I cannot answer the requests for admissions in the affirmative. I guess you will have to remove it and I will try to get it remanded[]"); and

- A May 2, 2008 letter to Plaintiff's counsel enclosing Defendant's Requests for Admission and stating that "if your client is seeking more than $75,000 . . . [we] plan to have the case removed to federal court."

(Doc. 1 at Ex. A-C). Defendant asserts further, that Alabama case law "suggests that plaintiffs with similar complaints and injuries" have received more than $75,000 in compensatory and punitive

---

[2] On May 20, 2008, Defendant filed an Amended Notice because KFC was incorrectly identified as a Kentucky, rather than a Delaware, corporation in the original Notice of Removal. (Doc. 9).

damages.  (Id. at 4).  Defendant's Civil Cover Sheet, for the removal notice, also indicates that the demand amount is "unknown."  (Doc. 1).

On August 1, 2008, Plaintiff filed an Amended Complaint (at 3:19 p.m.), and Motion to Remand (at 3:20 p.m.).  (Docs. 14, 15).  In the Amended Complaint, while the substance of his allegations remain the same,[3] Plaintiff amends his prayer for relief and the amount of damages that he seeks in this case.  (Doc. 14).  Plaintiff's prayer for relief after Count I states that he "prays for a judgment for compensatory and punitive damages not to exceed $75,000 each, exclusive of interest and costs."  (Id. at 2).  Following Count II, Plaintiff "demands judgment against Fictitious Defendants 'A,' 'B,' and 'C' in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs, but not to exceed $75,000."  (Id.)  Moreover, following Plaintiff's demand for trial by jury, there is a "Note," which states:

> NOTE: This lawsuit is brought in its entirety only on the basis of state law claims. The total amount sought by Plaintiff in this lawsuit, cumulative of all counts in the complaint, is not to exceed $75,000 exclusive of interest and costs.

(Id. at 3).  In the Motion to Remand, filed just one minute later, Plaintiff asserts that the amount in controversy requirement has not been met, because:

> The Amended Complaint is crystal clear that the Plaintiff is not seeking the requisite amount[] . . . [t]he Plaintiff has the right to litigate his claims in state court by limiting the amount in controversy.  The Plaintiff, as well as their counsel, can think of no clearer way to do so than to simply state that the total amount sought is less than $75,000.  Further, the Plaintiff is willing to sign anything that the Court wishes to verify that the amount in controversy is less than $75,000.[]

(Doc. 15 at 2 (footnote omitted)).  Plaintiff then cites to the prayer for relief contained in his Amended Complaint, as support for his motion.  (Id.)  Also on this date, Plaintiff served his

---

[3] Plaintiff again alleges that he was injured when he was an invitee and KFC negligently and/or wantonly caused or allowed a dangerous condition to exist – a defective bathroom hand rail – and without warning that such condition existed and had existed for some time.  (Doc. 14).

responses to Defendant's Requests for Admission in which he "admits," in response to nine requests regarding the amount in controversy, that he is not seeking – nor was he seeking at the time of the filing of the Complaint – an amount in excess of $75,000.  (Doc. 18 at Ex. B; Doc. 19 at Ex. C).

In its August 15, 2008 Opposition to the Motion to Remand, Defendant attached the May 2, 2008 letter again (*see supra*), and Plaintiff's responses to Requests For Admission ## 1, 2, 3 and 9, acknowledging that Plaintiff is not seeking, nor was he seeking at the time of the filing of the complaint, an amount exceeding $75,000.  (Doc. 18 at Exs. A, B).  Defendant adds that Plaintiff's remand motion states that he is willing to sign anything that the Court wishes to verify the amount in controversy.  (Id. at 3).  Defendant asserts, however, that Plaintiff's position is inconsistent, because during an August 6, 2008 conference call with the Court, "Plaintiff's counsel said that he could not agree to any Court order that the parties have stipulated to the amount in controversy being less than $75,000 or that the amount was indeed less than $75,000."  (Id.)  Defendant cites this "refusal" as further grounds for removal.  (Id.)  Defendant adds as well, that Plaintiff cannot simply amend his Complaint to oust the Court's jurisdiction.  (Id.)

On August 22, 2008, Plaintiff filed a reply to Defendant's Opposition, asserting that this Court lacks jurisdiction because the Defendant removed the case with "no evidence whatsoever that the requisite amount in controversy has been met."  (Doc. 19 at 2).  Plaintiff adds that his responses to the Requests for Admission make clear that he does not seek an award in excess of $75,000 and that under Rule 36 of the Federal Rules of Civil Procedure, "any matter admitted under this rule is conclusively established[,]" such that the amount in controversy has been conclusively established as a matter of law.  (Id.)  Plaintiff asserts that he has repeatedly stipulated that the amount in controversy is less than $75,000, through his responses to the requests for admission, by amending

4

the complaint, and by alleging as such in his motion to remand (which is subject to Rule 11 of the Federal Rules of Civil Procedure).  (Id. at 2-3).  Moreover, Plaintiff contends that Defendant's characterization of the conference call is inaccurate, stating that while he "has no intention of ever asking any court for more than $75,000.00 . . . if a federal district court does not have jurisdiction . . . due to lack of subject matter jurisdiction, then the same court does not have jurisdiction to "cap" a case on remand[.]" (Id. at 4, n.2).  Further, Plaintiff asserts that the only evidence Defendant attached to its removal notice, to prove the amount in controversy, was a May 8, 2008 e-mail from Plaintiff's counsel.  (Doc. 19).  Plaintiff adds that Defendant failed to produce the entire e-mail string, which contains another May 8, 2008 e-mail from Plaintiff's counsel.  (Id. at Ex. A).  In that second May 8, 2008 e-mail, he responded to Defendant's counsel's prior e-mail (which stated that it would proceed with removal and attach counsel's prior e-mail stating that he could not answer the request for admission in the affirmative), and stated that he would object to his earlier e-mail being used as some sort of constructive denial of the Requests for Admissions.  (Id.)

## II.   Analysis

## A.   Applicable Case Law

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).  After removal, a plaintiff may move to remand to state court pursuant to 28 U.S.C. § 1447(c).  A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal; however, "[i]f at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . [i]ndeed, all doubts about jurisdiction should be resolved in favor of remand to state court."  University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).[4]

Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332.  However, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional amount."  Tapscott, 77 F.3d at 1357.  "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."  McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citations omitted).  See also Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287, n. 4 (11th Cir. 1998); Tapscott, 77 F.2d at 1356.[5]  See also Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  "Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists.  Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it."  Lowery, 483 F.3d at 1217.  "The removing defendant[s] must

_____

[4] See also e.g., Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Jerido v. American General Life and Accident Ins. Co., 127 F. Supp. 2d 1322, 1324 (M.D. Ala. 2001); Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A., 882 F. Supp. 1056, 1057 (S.D. Fla. 1994).

[5] See also e.g., Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994).

establish the amount in controversy by '[t]he greater weight of the evidence . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" Id. at 1209 (citations omitted).  Therefore, the burden rests with the defendant to establish complete diversity – that the plaintiff is diverse from the defendant, and that by a preponderance of the evidence, the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement.  Id.  See also Triggs, 154 F.3d at 1287; Tapscott, 77 F.3d at 1357.

Recently, the Eleventh Circuit clarified precisely how a district court must proceed in evaluating its jurisdiction after removal and what a district court is allowed to review as part of this evaluation.  Lowery, 483 F.3d at 1187, 1214-1215.  The court differentiated between motions to remand made within the first 30 days following removal, and motions to remand made outside of the first 30 days following removal.  Id. at 1214, n. 64.  The Eleventh Circuit noted that a plaintiff has only 30 days from the notice of removal to file a motion to remand challenging any procedural defects, whereas the existence of subject matter jurisdiction may be challenged at any time.  Id. at 1213-1214, 1218.  To reach a decision in a case where the motion to remand is filed within the first 30 days, the court has before it "only the limited universe of evidence available when the motion to remand is filed [] - i.e., the notice of removal and accompanying documents[,] [] [and] "[i]f . . . insufficient . . . neither the defendants nor the court may speculate in an attempt to make up for the notice's failings."   Id. at 1214-1215 (footnotes and citations omitted).  Therefore, "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand."  Id. at 1217.  See also Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  Thus, for challenges

brought within 30 days, courts consider the notice of removal and accompanying documents, which must "unambiguously establish federal jurisdiction." Lowery, 483 F.3d at 1211, 1213.  However, the Eleventh Circuit also concluded that courts may consider other documents where a plaintiff does not challenge the removal on jurisdictional grounds until after judgment, or challenges removal before judgment but after the 30 day period has lapsed. Id. at 1214, n. 64.  In such later challenges, the court is no longer considering the propriety of the removal, but whether subject matter jurisdiction exists, and so "the court may look to *any relevant information the parties may present, up until the time of the challenge to jurisdiction*." Id. (emphasis added).  See also Siermiński v. Transouth Financial Corp., 216 F.3d 945, 948-949 (11th Cir. 2000); Bankhead v. American Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1333-1334 (M.D. Ala. 2008); Spivey v. Fred's Inc., 554 F. Supp. 2d 1271, 1274-1275 (M.D. Ala. 2008).

## B.    Application

As the parties agree that there is diversity of citizenship, the sole issue relating to the Court's subject matter jurisdiction is whether the amount in controversy exceeds $75,000.[6]  In his motion to remand, Plaintiff asserts that this Court never had jurisdiction because Defendant removed the case with insufficient evidence that the requisite amount in controversy was met.  The Court agrees.

Even though Plaintiff did not specify in his Complaint an amount in controversy or how much he was seeking in damages, Defendant contends that it is reasonable to conclude from his allegations of permanent injury/damage, anguish and emotional distress, that he seeks "substantial compensatory and punitive damages" in excess of the $75,000 jurisdictional amount (*i.e.*, that it is

---

[6]  Plaintiff is a resident of Alabama.  (Doc. 1 at Ex. A at ¶ 1).  KFC is a citizen of Delaware with its principal place of business in Louisville, Kentucky.  (Doc. 9).  The fictitious defendants "A," "B," and "C" are disregarded for purposes of determining diversity.  28 U.S.C. § 1441(a).

facially apparent from the Complaint the jurisdictional amount was satisfied).  While Plaintiff has alleged two counts for negligence/wantonness, the Complaint is not specific enough for this Court to determine by a preponderance of the evidence the value of such claims.  See, e.g., Williams, 269 F.3d at 1319-1320; Bankhead, 529 F. Supp. 2d at 1332.  Thus, the amount in controversy is not facially apparent from the Complaint.

Therefore, this Court turns to the Notice of Removal to determine whether Defendant has met its burden of proving the jurisdictional amount by a preponderance of the evidence.  First, in order to establish the amount in controversy, Defendant cites four Alabama Supreme Court cases with "similar complaints and injuries received in excess of $75,000 in compensatory and punitive damages" (including injuries from door closures, elevators and a paper mill "free fall").  As noted in Lowery, it is questionable whether such general evidence is of use in establishing the value of claims in any one particular suit because the facts in such other cases "tell us nothing about the value of the claims in this lawsuit."  Lowery, 483 F.3d at 1221.  In any event, Defendant has not demonstrated for the Court just how these cases, with distinct factual circumstances, relate to Plaintiff's claims, or how they guide the Court to draw reasonable conclusions as to the amount in controversy.[7]  See, e.g., Bankhead, 529 F. Supp. 2d at 1332-1333; Moore v. CNA Foundation, 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007); Williams, 269 F.3d at 1320.[8]  Assuming prior reported

---

[7] Additionally, when a defendant wishes to rely on the nature of damages sought to meet its burden in cases where the jurisdictional challenge is raised outside the 30 day period, there must be a quantifiable amount to satisfy the preponderance of evidence standard.  See, e.g., Spivey, 554 F. Supp. 2d at 1275 (citing Allen v. Toyota Motor Sales, U.S.A., Inc., 155 Fed. Appx. 480, 481-482 (11th Cir. 2005)).

[8] In Williams, 269 F.3d at 1319, a case involving a slip and fall at a store, the plaintiff alleged permanent physical and mental injuries. The case was removed and no motion to remand was filed. The district court granted a motion for summary judgment and the Eleventh Circuit sua sponte raised the issue of subject matter jurisdiction. The court stated that the removing defendant bears the burden of establishing the jurisdictional amount and that a conclusory allegation in the notice of removal without

cases could be of use, Defendant has not discussed specific facts or highlighted specific evidence in this case that indicates the value of Plaintiff's claims.  Id.  Defendant's amount in controversy assertion is thus insufficient under Lowery's holding that a removing party must show the existence of federal jurisdiction without any ambiguity, and this Court may not speculate as to the amount of damages in evaluating the amount in controversy.  Lowery, 483 F.3d at 1215.[9]

Second, as evidence that the amount in controversy was met at the time of removal, Defendant attached to its removal notice copies of Plaintiff's original state court Complaint, a May 2, 2008 letter to Plaintiff's counsel, and a May 2-8, 2008 e-mail string.  (Doc. 1 at Ex. A-C).[10]  As already noted supra, Plaintiff's Complaint provides for unspecified damages; the May 2, 2008 letter from Defendant's counsel simply states that if Plaintiff is seeking more than $75,000, Defendant will remove the case; and the May 2-8, 2008 e-mail string reveals that Plaintiff's counsel acknowledged receipt of the requests for admission and stated that Plaintiff is not seeking, nor was seeking at the time of the filing of the Complaint, more than the jurisdictional amount, but could not answer the requests affirmatively at that time.  This "evidence" is not sufficient to demonstrate, by a preponderance of the evidence, that the jurisdictional minimum was met.  Indeed, the May 8, 2008 e-mail from Plaintiff's counsel supports a contrary finding – namely, that Defendant was directly

---

setting forth underlying facts is insufficient. Williams, 269 F.3d at 1319-1320. The court noted that it was conceivable that the amount in controversy was met, because the plaintiff demanded special and punitive damages for permanent physical and mental injuries and substantial medical expenses, but that those allegations were not themselves sufficient. Id. at 1320. Instead, the court required further factual development. Id. at 1321.

[9]  See also e.g., Beasley v. Fred's Inc., Slip Copy, 2008 WL 899249,*1-2 (S.D. Ala. Mar. 31, 2008); Wood v. Option One Mortg. Corp., 2008 WL 4443922, *3-4 (N.D. Ala. Sept. 30, 2008); Dukes v. AIG Cas. Co., Slip Copy, 2008 WL 4182832, *3-4 (S.D. Ala. Sept. 8, 2008); Williams, 269 F.3d at 1320.

[10]  Both the letter and e-mail string attached a copy of Defendant's Requests for Admission, which were served upon Plaintiff on May 2, 2008.

notified before removal that Plaintiff was not seeking damages in excess of the jurisdictional amount. Based on these documents, Defendant has not met its burden.

Lowery narrowed the scope of evidence that courts may consider in a jurisdictional inquiry, particularly when a motion to remand is filed within 30 days of removal. Here, however, Plaintiff's Motion to Remand was *not* filed within 30 days of Defendant's May 9, 2008 Notice of Removal. Plaintiff's motion was filed over 80 days later, on August 1, 2008.[11] As such, Lowery's restrictive statement that "jurisdiction is either evident from the removing documents or remand is appropriate" is inapplicable because the jurisdictional challenge was not made within the 30 day limit. Lowery, 483 F.3d at 1211. As a result, this Court is not restricted to the removal documents, but "may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." Lowery, 483 F.3d at 1214, n.64; Bankhead, 529 F. Supp. 2d at 1334; Williams, 269 F.3d at 1319; Spivey, 554 F. Supp. 2d at 1274.

Approximately three months after the filing of the Notice of Removal, Plaintiff filed an Amended Complaint and a Motion to Remand, as well as served its responses to Defendant's Requests for Admission. (Docs. 14, 15, 18 at Ex B). These pleadings all contain clear stipulations by Plaintiff that the amount in controversy does not exceed $75,000. See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 (11th Cir. 2003) (crediting plaintiff's counsel's representation in a motion to remand that plaintiff does not seek and would not accept damages in excess of jurisdictional amount); Brooks v. Pre-Paid Legal Servs., Inc., 153 F. Supp. 2d 1299, 1300-

---

[11] Plaintiff's Motion to Remand was also filed over 60 days after Defendant's May 20, 2008 Amended Notice of Removal. See, e.g., Williams v. Wal-Mart Stores, Inc., 534 F. Supp. 2d 1239 (M.D. Ala. 2008) (concluding that defendant's filing of amended removal notice provided plaintiff with new 30-day time period for filing remand motion). Calculating from either the initial removal or the amended removal notice, Plaintiff's motion to remand challenges subject matter jurisdiction and so this Court may consider any relevant information presented by the parties up until the time of said challenge.

1301 (M.D. Ala. 2001) (recognizing that courts routinely give effect to binding, post-removal

stipulations).[12]  In the Amended Complaint, Plaintiff states, in no uncertain terms, that the amount

in controversy does not exceed $75,000 exclusive of interest and costs.  (Docs. 14, 15).  Similarly,

in the Motion to Remand, Plaintiff asserts that he has made "crystal clear" through the Amended

Complaint that he is not seeking the requisite amount, the total amount sought is less than $75,000,

and he is willing to sign anything that the Court wishes to verify that the amount in controversy is

less than $75,000.[13]  (Doc. 15 at 2).  Likewise, in response to Defendant's Requests for Admission,

Plaintiff repeatedly states that he was not seeking at the time of filing the original Complaint, nor

is he presently seeking, an amount exceeding $75,000.  (Doc. 18 at Ex. B).

     Nevertheless, Defendant argues that Plaintiff's post-removal Amended Complaint is an

---

[12]  The Brooks court stated as follows:

> Four bedrock principles of federal jurisdiction require courts to effectuate post-removal
> stipulations. First, federal courts are tribunals of limited jurisdiction. Second, the diversity
> statute is strictly construed because of the significant federalism concerns raised by federal
> courts passing on matters of state law. Third, a plaintiff is the master of her complaint, and
> a plaintiff suing diverse defendants can avoid federal court by limiting her prayer for
> damages to less than $75,000. Fourth, a plaintiff is charged with knowledge of her
> complaint, and the  amount of damages that she seeks . . . . None of these interests are
> furthered when a federal court keeps a diversity case because of some doctrinaire reading of
> judicial dicta that is divorced from congressional will and any legitimate policy interests.

Brooks, 153 F. Supp. 2d at 1301.

[13]  In weighing motions to remand, courts in the Eleventh Circuit credit representations of counsel
that their clients will neither seek nor accept recovery exceeding the jurisdictional amount. See, e.g.,
McKinnon Motors, 329 F.3d at 808 (crediting plaintiff's counsel's representation in motion to remand that
plaintiff does not seek and would not accept damages in excess of jurisdictional amount); Matthews v.
Fleetwood Homes of Ga., 92 F. Supp. 2d 1285, 1289 (S.D. Ala. 2000) (similar). "[W]here counsel states
that he is seeking damages below a jurisdictional threshold, the Eleventh Circuit has found that such a
representation 'deserves deference and a presumption of truth. We will not assume--unless given reason
to do so--that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his
client's case.'"  Burns, 31 F.3d at 1095. This evidence is properly considered in assessing whether remand
is appropriate. See generally Sierminski, 216 F.3d at 949 (allowing district courts, when necessary, to
consider post-removal evidence in assessing removal jurisdiction, provided that jurisdictional facts
supporting removal must be judged at the time of removal).

attempt to improperly divest this Court of jurisdiction, as subject matter jurisdiction attached at the time of removal.  Defendant cites Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-1291 (11th Cir. 2000), implied overruling (on other grounds) recognized by, Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 640 (11th Cir. 2007) (citing Powerex Corp. v. Reliant Energy Servs. Inc., __ U.S. __, 127 S. Ct. 2411, 168 L.E.2d 112 (2007)), St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293 (1938), in support of its assertion that post-removal events which reduce the damages recoverable below the amount in controversy requirement – such as an amended complaint – will not oust a court's jurisdiction.[14]  While Plaintiff did not specify any damage amount in his original Complaint, he stipulated – *pre-removal* – that he was not seeking damages in excess of $75,000.  This is confirmed by Defendant's own attachment of a May 8, 2008 e-mail from Plaintiff's counsel to Defendant's counsel, to the removal notice.  Even with the restrictions of Poore and St. Paul, this case is distinguishable.  The holdings in those cases focused on post-removal events to reduce the damages initially sought in the original complaint, to a damage amount below the jurisdictional threshold, in an attempt to circumvent the court's jurisdiction.  Plaintiff has consistently stated that he seeks less than the jurisdictional amount.  In this sense, there has been no reduction, nor attempt at reduction, of an original damage amount.

        Lowery also supports this Court's consideration of post-removal information "presented"

---

[14]  In Poore, 218 F.3d at 1290-1291, the Eleventh Circuit held that if a district court has subject matter jurisdiction over a diversity action at the time of removal, subsequent acts do not divest the court of its jurisdiction over the action. Accordingly, the Court concluded that even though the plaintiffs amended their complaint to reduce the amount in controversy, the district court still retained diversity jurisdiction over the action and "committed reversible error by remanding based on Appellees' post-removal amended complaint." Id. at 1292. See also St. Paul, 303 U.S. at 293. "Subsequent events" include post-removal reduction in the amount of controversy, whether by stipulation, affidavit or amendment of the pleadings, and these events will not divest the court of jurisdiction. See, e.g., Fuller, 78 F. Supp.2d at 1296-1297.

by the parties "up until" the time of the jurisdictional challenge.[15]  Lowery, 483 F.3d at 1184.  Here,

Plaintiff submitted post-removal information *on the same date* that he filed the motion to remand.

The Amended Complaint was filed on August 1, 2008 at 3:19 p.m.; the Motion to Remand was filed

on August 1, 2008 at 3:20 p.m.; and the responses to Defendant's Requests for Admission were

served on counsel for Defendant on August 1, 2008 (no Notice of discovery was filed and so this

Court cannot discern the exact time).  At a minimum, the Amended Complaint was "presented" by

Plaintiff before the jurisdictional challenge (albeit one minute prior), and it clearly states that he does

not seek an award in excess of the jurisdictional amount.  And again, distinct from Poore, Plaintiff's

Amended Complaint is not a reduction of a previous damage amount; rather, he is merely restating

and/or clarifying the amount that was in controversy at the time of removal.  See, e.g., Flowers v.

Priority Healthcare Pharmacy, Inc., Slip Copy, 2007 WL 1424330, *1 (S.D. Ala. May 10, 2007).[16]

---

[15]  Sierminksi, 216 F.3d at 948-949 (providing that "[w]hile it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We . . . adopt[] a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. . . the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time[]"). The test should be whether the evidence sheds light on the situation which existed when the case was removed.  See, e.g., Harmon v. OKI Systems, 115 F.3d 477, 479-480 (7th Cir. 1997).  Post-removal evidence may consist of such things as a plaintiff's responses to interrogatories or requests for admissions.  See, e.g., Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536 (7th Cir. 2006).

[16]  Lowery also addressed amended complaints in the context of motions to remand as follows:

. . . . it would be improper to bind plaintiffs by the prayer for relief in the initial pleading. Plaintiffs have since amended the prayer for relief, and this amended prayer for relief supersedes the one contained in the initial complaint. Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case . . . . the jurisdictional allegations in both complaints were subject to the requirements of Alabama Rule of Civil Procedure 11 . . . . The plaintiffs amended their complaint to remove the specific damages demand, and that amended pleading is the document we look to in determining whether jurisdiction exists.

Lowery, 483 F.3d at 1219-1220 (citations and footnote omitted).  See also e.g., Dukes v. Miami-Dade

Thus, Plaintiff's Motion to Remand is due to be granted because the Amended Complaint, when combined with Plaintiff's pre-removal representation, reveals that Defendant has failed to prove by a preponderance of the evidence that, at the time of removal, the amount in controversy requirement under 28 U.S.C. § 1332 was met and that removal was proper under 28 U.S.C. § 1441.

## III.    Conclusion

Based upon the foregoing, the Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Accordingly, Plaintiff's Motion to Remand is due to be **GRANTED** because this Court lacks subject matter jurisdiction.  Thus, this case is **REMANDED** to the Circuit Court of Clarke County, Alabama

**DONE** and **ORDERED** this the 9th day of October, 2008.

 S/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

County, Slip Copy, 2008 WL 3864398, *1 (11th Cir. Aug. 21, 2008); Holiday Isle, LLC v. Clarion Mortg. Capital, Inc., Slip Copy, 2008 WL 1756369, *2 (S.D. Ala. Apr. 11, 2008) (noting that the decision to grant or deny a post-removal motion to amend a complaint, which would destroy subject matter jurisdiction, is discretionary); Fuller, 78 F. Supp. 2d at 1296 (concluding that a post-removal clarification "may be considered if the amount in controversy is not apparent on the face of the complaint at the time of removal[]"); McKinnon Motors, 329 F.3d at 808; Brooks, 153 F. Supp. 2d at 1300-1301.